LOUIS CHAMBERS, Respondent, v. CHICAGO ROCK ISLAND & PACIFIC RAILWAY CO., Appellant.

**Kansas City Court of Appeals, April 3, 1905.**

**FLOODING LANDS: Obstructing Culvert: Evidence: Instruction: Error.** An instruction relating to the choking and obstructing of a drain pipe under a railroad embankment is held to be without evidence in the record to support it, and to be harmful error and not waived by instructions asked by the appellant.

Appeal from Buchanan Circuit Court.— *Hon. Henry M. Ramey,* Judge.

REVERSED AND REMANDED.

*Brown & Dolman* for appellant.

(1) To justify the giving of this instruction the plaintiff's evidence must have tended to prove: First., That the defendant negligently permitted the pipe to become and remain choked and obstructed as therein stated: Second. That the defendant knew or by the exercise of ordinary care could have known of such condition, and failed to clear away the obstruction; and: Third. That the waters of the branch were by such obstruction caused to accumulate on plaintiff's land and damaged it. There was no evidence of any of these facts. There being no evidence upon which the jury would be authorized to find either of the matters predicated in

this instruction as grounds of recovery, the case must be reversed. Evans v. Railway, 106 Mo. 600; Robertson v. Railway, 152 Mo. 391; Oates v. Railway, 168 Mo. 549; Seckinger v. Manufacturing Co., 129 Mo. 590; Haworth v. Railway, 94 Mo. App. 215, 227; Marr v. Beneker, 92 Mo. App. 651; McAtee v. Valandigham, 75 Mo. App. 45; McCarty v. Fagin, 42 Mo. App. 619; Campbell v. Van Houten, 44 Mo. App. 231.

*Bayer & McNeely* for respondent.

(1) Plaintiff's instruction numbered 2 is supported by some evidence. The evidence is clear that the iron pipe at one time was "choked plum up with drift." An instruction may properly be given if supported by some evidence, though slight, and it is sufficient if such evidence is only inferential, and where evidence has even some inferential potency it should be submitted to the jury. Hayden v. Parsons, 70 Mo. App. l. c. 498; Chemical Co. v. Lackawana Line, 85 Mo. App. 667; Tyler v. Hall, 106 Mo. l. c. 324; Womack v. St. Joseph, 168 Mo. l. c. 243. (2) The instructions taken as a whole presented the law of the case fairly. If all of the instructions, taken together, properly presented the case to the jury, the fact that one of them standing alone might be misleading, will not cause a reversal of the judgment. Dewees v. Mining Co., 54 Mo. App. l. c. 484; same case approved in the 128 Mo. 423; Keen v. Schweigler, 70 Mo. App. 409. (3) A reversible error is one that materially affects the merits of the action, and where judgment is manifestly for the right party it will not be disturbed. Walker Bros. v. Railway, 68 Mo. App. l. c. 483; Swanson v. Sedalia, 89 Mo. App. 121; Comfort v. Ballingal, 134 Mo. 281.

The verdict returned by the jury is the only one that could have been found consistent with the evidence. In such a case the judgment will be affirmed, although an objectionable instruction was given. And under such circumstances this court will not interfere as it is pro-

hibited from doing so by statute, which provdies that this court shall not reverse the judgment of any court unless it shall believe that error was committed by such court materially affecting the merits of the action. R. S. 1899, section 865; Greer v. Bank, 128 Mo. 1. c. 575; Vogg v. Railway, 138 Mo. 1. c. 180; Henry v. Railway, 113 Mo. 1. c. 538; King v. King, 155 Mo. 1. c. 425.

ELLISON, J.—The plaintiff is the owner of land near defendant's line of railway. The petition is in two counts. In the first he charges that the land was overflowed in consequence of defendant's construction of its road over the bed of the branch. In which construction an iron pipe was placed for the water to pass through and the bed of the said road made solid around the pipe. That this pipe was too small for the free discharge of water resulting from ordinary rainfalls. Furthermore, that defendant permitted weeds, cornstalks, fence rails and other debris, which was washed down and found lodgment in the pipe, to remain there and thereby dam up the water. In consequence of these things plaintiff's land was overflowed.

The second count charged a failure to dig and construct lateral ditches as required by law, whereby plaintiff's land might have been drained. There was a verdict for plaintiff on the first count.

Much evidence was heard at the trial and we have been favored with maps, elevations, measurements and diagrams of the roadbed and the surrounding country at the place in controversy. After an examination of the record we find the whole case turns on matters of evidence.

The court in instruction numbered two submitted to the jury the question whether defendant permitted the pipe "to become and to remain choked and obstructed with weeds, brush and debris, logs and sticks, and that defendant knew or by the exercise of ordinary care, could have known of such choked condition of said pipe,

and that defendant could have cleared away the obstruction of said pipe, and if you believe that by reason of said choked and obstructed condition of said pipe that it was rendered less sufficient as an outlet for the waters carried by said branch during seasons of natural and ordinary rainfall and that the waters thereof were thereby caused to overflow upon plaintff's land," etc., then the verdict should be for the plaintiff on the first count.

There is no evidence preserved in the record upon which to base that instruction and it was therefore error to give it. The suggestion made by counsel that such error was cured by instruction number nine for defendant is not sound. Nor do we think plaintiff in situation to call to his aid that part of the statute (section 865, Revised Statutes 1899), which declares that a judgment should not be reversed on account of an error which did not materially affect the merits of the action. The nature of the evidence was such that the jury finding the instruction, quoted above, given for their direction, might well conclude that the court believed the evidence on the subject of obstructions in the pipe tended to support the hypothesis submitted in the instruction that defendant had negligently permitted the pipe to remain clogged and obstructed after knowledge of such condition. It was harmful error for which the judgment must be reversed and the cause remanded. All concur.